UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Martha Sudds, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-07-2125 |
| | § | |
| Michael J. Astrue, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

    The question is whether substantial evidence supports the commissioner's decision that Martha Sudds is not disabled under the Social Security Act. It does.

    Sudds seeks judicial review of the commissioner's decision denying her claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2.  *Standard of Review.*

    Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but those where governmental regularity has lapsed into an exercise of mere will.

    A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4.  *Background.*

After Sudds was examined by doctors, she applied for Social Security benefits but was denied. Sudds appealed to a hearing officer.

At the hearing there was more than one diagnosis.

- Orlando Terneny, MD, said he "cannot exclude the possibility" of some connective tissue disorder, but the symptoms are more consistent with degenerative joint disease – a synonym for osteoarthritis.
- Stanley Zimmerman, MD, said Sudds suffers from hypertension, diabetes, "a connective tissue disorder" and an enlarged heart.

Sudds says the hearing officer erred in the review of the evidence by not presuming a disability or finding her completely unable to work.

Sudds also says the record was not fully developed because the hearing officer stopped Sudds' counsel during cross-examination.

5.  *No Presumption.*

Appendix 1 – the Listing of Impairments – presumes that you are disabled if you have osteoarthritis. To reverse the decision this court would have to not be able reasonably to believe Doctor Zimmerman's testimony – that Sudds suffered from a collective tissue disorder.

Doctor Zimmerman stated his conclusion reliably; Doctor Terneny did not. Relying on Doctor Zimmerman's testimony was reasonable.

6.  *Ability to work.*

The hearing officer decided Sudds' collective tissue disorder, diabetes, hypertension, heart condition, and pain did not completely prohibit her from getting around. This was supported by testimony on Sudds' residual functional capacity – her ability to work.

A technician on vocational placement identified jobs suitable for Sudds' capabilities. Substantial evidence supports the finding of the hearing officer.

7. *Trial management.*

Sudds says that the hearing officer failed to develop the record by stopping cross-examination. Sudds must have proven that further evidence would have shown that the hearing officer's determination was not reasonable. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984).

The attorney, on cross-examination, was attempting to show that Sudds had osteoarthritis by discussing leg-raising tests. The tests were in evidence. Both doctors had testified about the basis for their conclusions: the tests could not be conclusive; and they had considered them.

8. *Conclusion.*

The decision is supported by reasonable and substantial evidence.

Signed on June 20, 2008, at Houston, Texas.

Lynn N. Hughes
United States District Judge